**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10441 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00988-CRB-2 |
| v. | |
| MAURICIO AGUILERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted May 12, 2014
San Francisco, California

Before: D.W. NELSON, McKEOWN, and M. SMITH, Circuit Judges.

Mauricio Aguilera appeals from his conviction for conspiracy to distribute

five kilograms or more of cocaine. Mr. Aguilera contends that his conviction

suffers from several infirmities, including: 1) that insufficient evidence supports

his conviction for conspiracy; 2) that the evidence submitted to the jury constituted

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

a constructive amendment or fatal variance of the conspiracy charged in his indictment; 3) that the district court improperly prevented him from asserting his defense; 4) that counts one and five of the indictment were improperly joined, and that the district court improperly denied severance of those same counts; and 5) and that the district court erred in not suppressing images taken from his cell phone. Because the parties are familiar with the facts and procedural history of these cases, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

## DISCUSSION

### A. Sufficiency of Evidence

To prove the count one conspiracy, the government produced evidence of: 1) recorded phone calls between Aguilera, who was seeking to purchase cocaine to distribute to a third party, and Rodriguez, a named co-conspirator, haggling over the price of cocaine; 2) Aguilera's recorded admission that he bought drugs from Rodriguez on credit during the conspiracy period; and 3) extensive telephone contact between Aguilera and Rodriguez during a period when Rodriguez was selling drugs to the government's informant. This evidence is sufficient to prove Aguilera's participation in a conspiracy to distribute drugs because the purchase of drugs on credit is probative of an agreement to distribute. *United States v. Mincoff*,

2

574 F.3d 1186, 1193 (9th Cir. 2009) (finding sufficient evidence with one purchase of drugs and one failed attempt to purchase drugs because single transaction on credit was sufficient evidence of agreement and intent).

## B. Fatal Variance or Constructive Amendment

The jury was given a multiple conspiracies instruction, which provides in relevant part: "If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member some other conspiracy." Based on the instructions and the evidence, the jury convicted on the basis of conduct charged in the indictment, and there was no variance or constructive amendment. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.").

## C. Ability to Present his Defense

Aguilera contends that the district court violated his right to present a defense by directing defense counsel not to reference the charging language in the indictment, which was not introduced into evidence at trial. Contrary to his assertion, however, the defense had ample opportunity to present its multiple

3

conspiracies defense and did so throughout his closing argument. Further, the jury received instructions on the multiple conspiracies defense, which defense counsel noted during his closing argument.

**D. Joinder of Counts 1 and 5**

Misjoinder only requires reversal only "if the misjoinder results in actual prejudice because it had a substantial and injurious effect or influence in determining the jury's verdict." *United States v. Jawara*, 474 F.3d 565, 579 (9th Cir. 2006) (quoting *United States v. Terry*, 911 F.2d 272, 277 (9th Cir. 1990)).

Aguilera was not prejudiced. Much of the evidence related to count five was admissible with regard to count one under Federal Rule of Evidence 404(b) to show knowledge. For the same reasons, the district court acted within its discretion when it denied Aguilera's Rule 14 motion. *United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007).

**E. Suppression of Cell Phone Images**

Aguilera contends that images taken from his cell phone must be suppressed because the government lacked probable cause to search the phone and because the authorities 'searched' the phone before obtaining a search warrant. We conclude that the warrant was supported by probable cause. *United States v. Celestine*, 324 F.3d 1095, 1102 (9th Cir. 2003).

4

Even if Aguilera's phone was searched prior to issuance of the September 7, 2010 warrants, those warrants only relied on information available to the government prior to the search of the cell phones. Thus, the issuance of the warrants and subsequent search of the cell phones, which did not rely on any information gleaned from copying the data on the phones (assuming that copying the data even constituted a search), fell under the independent source exception. *See Murray v. United States*, 487 U.S. 533, 541 (1988). Therefore, the search did not violate *Riley v. California*, 134 S. Ct. 2473 (2014).

**AFFIRMED**

*United States v. Aguilera*, 12-10441
D.W. Nelson, Senior Circuit Judge, concurring in part, dissenting in part;

I join in Parts A, C, D, and E of the majority disposition. Because I believe that there was a constructive amendment of the indictment, and the multiple conspiracies instruction did nothing to cure the problem, I respectfully dissent from Part B.

The government charged Aguilera with a conspiracy involving an organization centered around Jorge Rodriguez. At trial, the government introduced evidence sufficient to prove a conspiracy between Aguilera and Rodriguez, but also introduced evidence concerning three other individuals: David Morgan, a man referred to as Chino, and a man referred to as Unidentified Male 4915 ("UM4915"). The government introduced no evidence linking Morgan, Chino, or UM 4915 to the Rodriguez conspiracy. In the absence of evidence showing an overall agreement between conspirators, our precedent requires finding that the government proved two separate conspiracies. *See, e.g.*, *United States v. Arbelaez*, 719 F.2d 1453, 1457 (9th Cir. 1983). At closing, the government argued, "As to Count 1, . . . this is an ongoing conspiracy that involved a number of players: [Rodriguez], Chino, Unidentified Male 4915, David Morgan . . . and Aguilera. You only need two for a conspiracy. Here we have a minimum of five." The jury was therefore incorrectly instructed by the government that it could convict

Aguilera for conspiring with any one of four named individuals where the indictment only named Rodriguez. Under our precedent, this is a constructive amendment and reversible error if left uncorrected. *E.g., United States v. Ward*, 747 F.3d 1184, 1190–91 (9th Cir. 2014). The multiple conspiracies instruction relied on by the majority, however, did not interpret or explain the scope of the indictment's conspiracy charge. The jury was left with only the government's incorrect interpretation that the indictment included Morgan, Chino, and UM 4915 as conspirators. We therefore have no way to know if Aguilera was convicted based on the conspiracy between Aguilera and Rodriguez, which the government charged and sufficiently proved at trial, or if the conviction was based on evidence of another conspiracy introduced by the government at trial but not charged in the indictment. This constitutes reversible error. *Id.* at 1192. I respectfully dissent.